Edwin Rolando **PEREZ,** Petitioner,

v.

Eric H. **HOLDER Jr.,** Attorney General, Respondent.

Nos. 06–74292, 07–70817.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert L. Lewis, Esquire, Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Brendan Paul Hogan, Esquire, Michelle Gorden Latour, Esquire, Assistant Director, DOJ—U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

In these consolidated petitions for review, Edwin Rolando Perez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal, and the BIA's order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, including due process viola-

** This disposition is not appropriate for publication and is not precedent except as provid-

tions, *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003), and review for abuse of discretion the denial of a motion to reopen, *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008). In No. 06–74292, we dismiss in part and deny in part the petition for review. In No. 07–70817, we deny the petition for review.

■ We lack jurisdiction to review the agency's discretionary determination that Perez failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

Contrary to Perez's contentions, the agency's application of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir. 2003). Petitioner's claim that the agency violated due process by failing to follow precedent is unsupported by the record. *See Martinez–Rosas,* 424 F.3d at 930.

■ The BIA did not abuse its discretion in denying Perez's motion to reopen where the new evidence he presented with his motion to reopen did not support prima facie eligibility for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 600 (9th Cir.2006).

We agree with the agency that Perez failed to show he was prejudiced by his former counsel's performance. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 973 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005) (order) (to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate prejudice).

**IN 06–74292, PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

ed by 9th Cir. R. 36–3.

IN 07–70817, PETITION FOR RE-
VIEW DENIED.